IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 13-cv-03211-MSK

WHITNEY HENRY,

    Plaintiff,

v.

SSC BOULDER OPERATING COMPANY, LLC, d/b/a Boulder Manor,

    Defendant.

_____

## OPINION AND ORDER REMANDING ACTION
_____

    **THIS MATTER** comes before the Court *sua sponte*.

    Ms. Henry commenced this action on November 5, 2013, in the Colorado District Court for Boulder County, alleging claims of wrongful discharge in violation of public policy and whistleblower retaliation in violation of C.R.S. § 8-2-123. On November 22, 2013, the Defendant removed (**# 1**) the case to this Court, citing federal subject matter jurisdiction premised on diversity of citizenship under 28 U.S.C. § 1332.

    As the party invoking federal jurisdiction, the Defendant has the burden of proving that the requirements of 28 U.S.C. § 1332 – complete diversity of citizenship between the Plaintiff and Defendant and that the amount in controversy exceeds $ 75,000 – are met. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). Facts establishing these requirements must appear on the face of the Complaint or in the Notice of Removal. *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995).

Turning first to the citizenship of the parties, the Complaint and Notice of Removal adequately demonstrate that the Plaintiff is a citizen of Colorado. The citizenship of the Defendant entity is less clear. As a limited liability company, the Defendant's citizenship is that of the citizenship of its constituent members. *See THI of New Mexico at Hobbs Center, LLC v. Patton*, 851 F.Supp.2d 1281, 1285-86 (D.N.M. 2011). The Notice of Removal notes that the Defendant LLC's sole member is another limited liability company (Colorado Holdco, LLC), whose own sole member is yet another limited liability company, and so on. At the end of this lengthy chain of nested limited liability companies, each with a single member, is Terpax, Inc., the sole member of the last limited liability company in the chain. The Notice of Removal recites only that "the 92% stockholder of Terpax, Inc. is Tony Oglesby, a citizen of Tennessee"; it does not identify Terpax, Inc.'s state of incorporation or the site of its principal place of business. This defect is fatal, as a corporation's citizenship is based on the state of incorporation and location of principal place of business, not on the citizenship of its shareholders. 28 U.S.C. § 1332(c)(1). Accordingly, the Defendant has failed to carry its burden of showing that its citizenship is diverse from that of the Plaintiff.

Moreover, the Court finds that the Defendant has failed to adequately allege facts that would show that the amount in controversy exceeds $ 75,000. The Notice of Removal states simply that "Plaintiff seeks compensatory and other damages in an unspecified amount which will exceed $ 75,000," and cites to section V.1-7 of the Complaint. The cited portion of the Complaint indicates that the Plaintiff prays for relief in the form of "compensatory damages . . . for distress, pain, and suffering" and "actual economic damages [such as] back pay and front pay," but does not provide any facts by which the value of these demands can be quantified. The Defendant's Notice of Removal offers no facts that would demonstrate how the Defendant

concluded that the items of relief requested by the Plaintiff necessarily exceed $ 75,000. Thus, the Defendant has failed to carry its burden of demonstrating the requisite amount in controversy. *Laughlin*, 50 F.3d at 873.

For these reasons, the Court finds that it lacks subject-matter jurisdiction over this action. Accordingly, the action is **REMANDED** to the Colorado District Court for Boulder County pursuant to 28 U.S.C. § 1447(c). The Clerk of the Court shall transmit the entire case file to the Clerk of the Colorado District Court for Boulder County, and shall thereafter close this case.

Dated this 20th day of December, 2013.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge